```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

REINIE ANN BENOIT,

      Plaintiff,

v.                               Case No: 2:23-cv-1070-JES-NPM

MARK SILVERIO, SILVERIO & HALL, P.A., CYNTHIA HALL, and KELLY CARRIER-GONCZ,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants Mark Silverio, Cynthia Hall, and Silverio & Hall, P.A.'s Motion to Dismiss (Doc. #43) filed on February 26, 2024. Plaintiff filed a Response in Opposition to Motion (Doc. #47) on March 15, 2024.[1] For the reasons set forth below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

---

[1] The fourth defendant in the case is not involved in this motion. A Joint Notice of Resolution Between Plaintiff Reinie Ann Benoit and Defendant Kelly Carrier-Goncz (Doc. #49) was filed on April 1, 2024.

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

The introductory two paragraphs of the Third Amended Complaint (Doc. #39) provide an overview of the case from Plaintiff's perspective:

> This case has been brought because Mark Silverio, Cynthia Hall, and Silverio & Hall undertook to represent Plaintiff in a divorce action involving a prenuptial agreement and a marital estate worth over eighteen million dollars, but failed to exercise the degree of skill and knowledge required. Silverio & Hall was unfamiliar with the applicable rules of practice and the well-settled principles of law governing the litigation prenuptial agreements. Silverio & Hall also violated several ethical principles in an attempt to convince Plaintiff, their client, to continue the pursuit of her case, when they knew or should have known that she had no chance of success because of the manner in which they pled the case. As a result of Mark Silverio, Cynthia Hall, and Silverio & Hall's actions, Plaintiff was unable to recover a significant portion of a marital estate, and instead was awarded less than what she would have received had she simply not been represented at all.
>
> Mark Silverio, Cynthia Hall, and Silverio & Hall also colluded with Defendant Kelly Carrier Goncz ("Goncz") to steer Plaintiff away from her prior attorney and into a situation where Silverio & Hall and Goncz overbilled and underserved Plaintiff. Defendants excessively billed Plaintiff over four hundred thousand dollars in attorney's and expert's fees for work that had no possibility of bringing about a positive outcome for Plaintiff.

(Id. at pp. 1-2.) As suggested by this overview, the divorce proceedings did not go as well as Plaintiff had anticipated. The remainder of the Third Amended Complaint alleges numerous instances of purported legal malpractice and continuing disputes over legal and accounting fees. Count I alleges a claim of legal malpractice against Mark Silverio (Silverio); Count II alleges a claim of legal malpractice against Cynthis Hall (Hall); Count III alleges a claim of legal malpractice against the firm of Silverio & Hall, P.A.; Count IV alleges a claim of breach of a written contract against the firm of Silverio & Hall, P.A.; Count V alleges a breach of contract claim against Kelly Carrier-Goncz (Goncz) based on a written contract with Plaintiff to provide forensic accounting services in the divorce case; Count VI alleges a civil conspiracy by all four defendants; Count VII alleges a claim of fraud in the inducement against Silverio and Goncz; and Count VIII alleges a second claim of fraud in the inducement against Silverio and Goncz.

## III.

Defendants first argue that dismissal with prejudice is warranted because all of Plaintiff's claims have been resolved by a settlement. Plaintiff responds that the settlement resolved only the dispute over a charging lien and did not apply to the legal malpractice and related claims.

4

Defendants' assertion that all claims have already been resolved by settlement is an affirmative defense.[2] Plaintiff need not negate an affirmative defense in her complaint to state plausible claims. Wainberg v. Mellichamp, 93 F.4th 1221, 1224 (11th Cir. 2024). See also Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint."). Thus, a Rule 12(b)(6) dismissal based on an affirmative defense is only appropriate if the affirmative defense "is apparent from the face of the complaint." Garcia v. Chiquita Brands Int'l, Inc., 48 F.4th 1202, 1220 (11th Cir. 2022); Isaiah, 960 F.3d at 1304. The Court finds that it is not apparent from the face of the Third Amended Complaint that settlement bars any of the claims.

To establish this settlement affirmative defense as a basis for dismissal, defendants attached to their motion to dismiss a Proposal for Settlement filed in state court by Plaintiff's

---

[2] "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). "[A]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co., 645 F. App'x 912, 916 (11th Cir. 2016) (internal quotation marks and citation omitted).

attorney (Doc. #43, pp. 20-21) and Silverio & Hall, P.A.'s Acceptance of Proposal of Settlement and Notice of Filing. (Id. at 23). In her Response, Plaintiff attached a cover letter from Silverio & Hall, P.A., a signed Stipulation of Settlement, and the Order Adopting Settlement Stipulation on Charging Lien signed by the state court judge. (Docs. #47-1, #47-2.) The threshold question is whether the Court may consider any of these documents.

"In deciding whether a complaint states a claim upon which relief may be granted, we normally consider all documents that are attached to the complaint or incorporated into it by reference." MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co., 40 F.4th 1295, 1303 (11th Cir. 2022). None of the documents are attached to the Third Amended Complaint. Only the Proposal for Settlement is referenced in passing in the Third Amended Complaint: "On December 1, 2023, Plaintiff filed a Proposal for Settlement to settle 'all attorney's fees/costs pursuant' to Defendants Silverio, Hall, and the Firm's charging lien." (Doc. #39 at ¶ 126.)

There are times, however, when a court may consider documents attached only to a motion to dismiss. To consider a document attached to a motion to dismiss, the document must be central to the plaintiff's claim and undisputed. "'Undisputed' in this context means that the authenticity of the document is not challenged." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir.

2002). Additionally, a court may take judicial notice of documents for the limited purpose of determining what statements a document contains, but not to prove the truth of the document's contents. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).

The authenticity of the documents attached to the motion to dismiss and the response has not been challenged, but none of these documents are central to Plaintiff's claims. Even if fully considered, however, the documents do not make the settlement affirmative defense apparent on the face of the Third Amended Complaint. The Proposal For Settlement was only addressed to one of the defendants, Silverio & Hall, P.A.; the Stipulation of Settlement was only between Plaintiff and Silverio & Hall, P.A.; the Proposal is limited to resolving "all attorney's fees/costs pursuant to that Motion to Enforce and Adjudicate Charging Lien filed by Silverio & Hall, P.A. on November 30, 2023"; the only nonmonetary term of the Proposal was "that the parties agree to voluntarily dismiss all claims with prejudice;" the Acceptance of the Proposal was by Silverio & Hall, P.A., not any individual defendant; and the Stipulation of Settlement was by Silverio & Hall, P.A., not any individual defendant. Accordingly, the motion to dismiss based upon the asserted settlement is denied.[3]

---

[3] The Court expresses no view as to the merits of the settlement defense or the actual meaning of the documents filed in

7

**IV.**

Defendants second argument is that the Third Amended Complaint fails to set forth individual liability against Hall because there is nothing within the pleading to establish she committed a tortious act in her individual capacity. Plaintiff disagrees, asserting that Hall stepped into a position of authority and could have mitigated the fallout from Silverio's actions.

"Under Florida law, in order to prevail on a legal malpractice claim, 'a plaintiff must establish the existence of three essential elements: (1) that the defendant attorney was employed by the plaintiff; (2) that the defendant attorney neglected a reasonable duty owed to the plaintiff; and (3) that such negligence was the proximate cause of loss to the plaintiff.'" Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1281 (11th Cir. 2004) (citation omitted). See also Law Office of David J. Stern, P.A. v. Sec. Nat'l Servicing Corp., 969 So. 2d 962, 966 (Fla. 2007) ("A legal malpractice action has three elements: 1) the attorney's employment; 2) the attorney's neglect of a reasonable duty; and 3) the attorney's negligence as the proximate cause of loss to the client."). At the pleading stage, plaintiff must simply set forth a plausible cause of action.

---

support of that defense.  All that is necessary at this stage of the proceedings is to determine that dismissal is not supported.

Count II alleges that Hall, an attorney licensed to practice law in the State of Florida, represented Plaintiff in her underlying divorce case against Mr. Benoit and had an attorney-client relationship with Plaintiff. Hall held herself out as having greater-than-ordinary knowledge in the field of divorce and had a duty of reasonable care while representing Plaintiff. Hall failed in her duties by: (1) Failing to recognize the applicable standard of review in challenging Special Magistrate Cotter's conclusions of value; (2) Failing to argue the applicable standard of review in challenging Special Magistrate Cotter's conclusions of value; (3) Failing to obtain licensed, competent experts to challenge the appraisals performed by licensed, competent experts; (4) Failing to sufficiently plead Benoit's case; (5) Failing to recognize or inform Benoit that the theory of the case was contrary to a stipulation adopted by the Court; (6) Failing to make an authorized settlement offer which Benoit directed to be made; (7) Failing to redact pertinent, privileged information from documents provided to opposing counsel and the opposing party; (8) Misrepresenting material facts pertaining to Defendants' motion to withdraw to the Court, causing prejudice to Benoit; (9) Failing to properly prepare for trial; (10) Failing to adequately research law applicable to the case; (11) Failing to plead available theories of recovery; and (12) Failing to represent Benoit with undivided loyalty. (Doc. #39 at ¶ 160.) Plaintiff suffered

9

damages because of Hall's negligence and breach of duty to plaintiff. (Id. at 162.)

Whether Hall was active in the attorney-client relationship for its entire length, or personally participated in all the alleged misconduct, is not determinative. The Court finds that there are sufficient allegations of personal involvement set forth in the Third Amended Complaint to state plausible claims against Hall. The motion to dismiss for failure to plead plausible claims as to Hall is denied.

**V.**

As discussed earlier, one of the elements of a legal malpractice claim is that an attorney's negligence was the proximate cause of loss to the plaintiff. Jackson, 372 F.3d at 1281; Law Office of David J. Stern, P.A., 969 So. 2d at 966. Defendants argue that Plaintiff cannot establish such proximate cause because she never completed the court process by taking an appeal of the underlying adverse judgment. Without such an appeal, defendants argue, there can be no determination that it was their conduct that caused any damage, so all claims must be dismissed. Plaintiff responds that she was not required to appeal the underlying judgment to state causes of action for legal malpractice or the related claims.

10

Florida uses the "finality accrual rule" to determine when a claim of legal malpractice accrues in the context of the handling of litigation.

> [W]hen a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment. To be specific, we hold that the statute of limitations does not commence to run until the final judgment becomes final.
>
> To be liable for malpractice arising out of litigation, the attorney must be the proximate cause of the adverse outcome of the underlying action which results in damage to the client. [] Since redressable harm is not established until final judgment is rendered, [] a malpractice claim is hypothetical and damages are speculative until the underlying action is concluded with an adverse outcome to the client.

Silvestrone v. Edell, 721 So. 2d 1173, 1175 (Fla. 1998) (internal citations omitted). "Silvestrone's rights or liabilities were not finally and fully adjudicated until the presiding judge resolved these matters and recorded final judgment and this final judgment became final." Id. See also Fremont Indemnity Co. v. Carey, Dwyer, Eckhart, Mason & Spring, P.A., 796 So. 2d 504, 506-507 (Fla. 2001) (approving Silverstrone); Larson & Larson, P.A. v. TSE Indus., Inc., 22 So. 3d 36, 40 (Fla. 2009) (recognizing "bright-line rule" under Silverstrone).

11

To render a judgment "final" may or may not require an appeal. Silvestrone, for example, found the judgment was final even though there was no appeal from the final judgment. Silvestrone, 721 So. 2d at 1174. In Kipnis v. Bayerische Hypo-Und Vereinsbank, AG, 202 So. 3d 859, 862-63 (Fla. 2016), the Florida Supreme Court found that an action in tax court became final without an appeal following the expiration of the time to file an appeal. Florida appellate courts both before and after Silvestrone have found that an appeal is not always necessary to render a judgment "final". Segall v. Segall, 632 So. 2d 76, 78 (Fla. 3d DCA 1993) ("Our cases should not be read to require every party who suffers a loss and attributes that loss to legal malpractice to obtain a final appellate determination of the underlying case before asserting a claim for legal malpractice.") ; Mikhaylov v. Bilzin Sumberg Baena Price & Axelrod LLP, 346 So. 3d 224, 227–28 (Fla. 3d DCA 2022) (resolution of the bankruptcy case would not determine whether malpractice was committed).

In this case, the divorce proceedings concluded in favor of Mr. Benoit and the parties settled the issue of attorney fees covered by the charging lien. Given the specific allegations of malpractice, an appeal of the judgment would not determine whether the alleged malpractice occurred. Additionally, "mere acceptance of a settlement in a prior case does not automatically foreclose the client from bringing a malpractice suit against the attorney

who handled the case." Miller v. Finizio & Finizio, P.A., 226 So. 3d 979, 982-83 (Fla. 4th DCA 2017) (citation omitted). Plaintiff need not have appealed the judgment in the underlying case for the legal malpractice cause of action to plausibly exist. The motion to dismiss based on the lack of causation is denied.

**V.**

Defendants argue that the two fraud-in-the-inducement claims lack the specificity required by Federal Rule of Civil Procedure 9(b). Plaintiff disagrees, asserting she has detailed the circumstances and the interactions, the representations, and the misrepresentations attributed to specific defendants.

"There are four elements of fraudulent inducement and fraudulent misrepresentation: '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induced another to act on it; and (4) consequent injury by the party acting in reliance on the representation.'" Dziegielewski v. Scalero, 352 So. 3d 931, 934 (Fla. 5th DCA 2022) (citations omitted). Since Count VII and Count VIII are fraud claims, Fed. R. Cv. P. 9(b) requires the counts to "state with particularity the circumstances constituting fraud." United States ex rel. 84Partners, LLC v. Nuflo, Inc., 79 F.4th 1353, 1359 (11th Cir. 2023). "Under Rule 9(b), claims of fraud must be plead with particularity, which means identifying the who, what, when, where,

and how of the fraud alleged." Omnipol, A.S. v. Multinational Def. Services, LLC, 32 F.4th 1298, 1307 (11th Cir. 2022) (citing Mizzaro v. Home Depot, Inc. 544 F.3d 1230, 1237 (11th Cir. 2008)). The particularity of the circumstances constituting fraud is satisfied by setting forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants "'obtained as a consequence of the fraud.'" Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

In Count VII, Plaintiff alleges that Silverio (and Goncz) made misrepresentations and false statements to her concerning material facts about the potential outcome of her case. Specifically, Count VII asserts that on specific dates Silverio represented that:

- Plaintiff's attorney Cliff was not qualified to handle a case like her case;
- Plaintiff's case was complex;
- Silverio had the knowledge and experience to expertly handle her case;

14

- Silverio and Goncz had the knowledge and experience to expertly value the subject businesses and real estate holdings;

- Silverio had vast experience with the presiding judge;

- Silverio could bring about a better result that Plaintiff's current attorney could; and

- Additional unspecified statements to the effect that Plaintiff would have a better outcome in her divorce case if she hired Silverio.

The statements were knowingly false and made with the intention to cause Plaintiff to fire attorney Cliff and retain Silverio so that Plaintiff could be overbilled.  (Doc. #39 at ¶¶ 241-256.)

In the Count VIII, Plaintiff alleges that Silverio (and Goncz) made false statements about the viability of her case and her responsibility for paying attorney fees and expert costs.  More specifically, Count VIII alleges that, on a certain date, Silverio entered into a stipulation that Plaintiff would not seek a claim for contract damages; and that from that point he knew or should have known that Plaintiff's claims going forward were not viable.  (Doc. #39, at #260.)  During a specifically identified telephone conversation, Silverio made several statements to reassure Plaintiff to continue with the case and not to worry about the fees that were increasing:

15

- They would figure out an arrangement about legal and expert fees at the end of the case after seeing what her husband has to pay;
- If they got a real bad result, Silverio's fee arrangement would be adjusted accordingly;
- That it would be a huge mistake if Plaintiff wanted to pull the plug on the case now;
- The judge would not go against her on both hearings;
- That Silverio's expert fees and invoices were what he was charging her husband, not what he was charging her.

Plaintiff alleges that the statements were false and made so Silverio and Goncz could continue to bill Plaintiff even though her case had no chance of success. Plaintiff believed that she would not be obligated to pay the fees if she continued with the case, which allowed defendants to keep billing and allowed the case to continue when there was no chance of a positive outcome. (Id. at 261-273.) Despite the statements to the contrary, Silverio and Goncz demanded that Plaintiff pay the entire amount of her legal and professions fees.

The Court finds that plaintiff has sufficiently pled the fraudulent inducement claims with the required specificity to state plausible claims. Defendant also argues that expectations

16

and opinions are not actionable as fraud. Plaintiff did not respond to this issue.

> An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. [] However, the courts have recognized exceptions to this rule which we find to be applicable in the instant case. Where the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that said person knew or should have known from facts in his or her possession that the statement was false, then the opinion may be treated as a statement of fact. [] Additionally, if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform, such a promise may also constitute a fraudulent misrepresentation.

Mejia v. Jurich, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001)(internal citations omitted).

In this case, plaintiff has alleged that her cognitive function had declined, as both defendants were aware. Both defendants touted their superior knowledge and plaintiff believed both Silverio and Goncz. The motion to dismiss will be denied.

**VI.**

Defendants argue that the Third Amended Complaint fails to state a civil conspiracy claim because such a claim must allege an underlying illegal act or tort but failed to do so. Plaintiff

17

alleges that underlying torts are identified: fraud and breach of fiduciary duty.

To state a cause of action for civil conspiracy, a plaintiff must plead "(1) an agreement between two or more parties; (2) to do an unlawful act or a lawful act by unlawful means; (3) the execution of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of said acts." Logan v. Morgan, Lewis & Bockius LLP, 350 So. 3d 404, 412 (Fla. 2d DCA 2022) (citations omitted).

> Moreover, "[i]n pleading conspiracy, the plaintiff must further identify an actionable underlying tort or wrong." Id. This is because "[t]here is no freestanding cause of action in Florida for 'civil conspiracy.'" Tejera v. Lincoln Lending Servs., LLC, 271 So. 3d 97, 103 (Fla. 3d DCA 2019). Rather, "[t]he conspiracy is merely the vehicle by which the underlying tort was committed, and the allegations of conspiracy permit the plaintiff to hold each conspirator jointly liable for the actions of the coconspirators." Id. Significantly, "[a] conspirator need not take part in the planning, inception, or successful conclusion of a conspiracy. The conspirator need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators." Donofrio v. Matassini, 503 So. 2d 1278, 1281 (Fla. 2d DCA 1987) (citing Karnegis v. Oakes, 296 So. 2d 657 (Fla. 3d DCA 1974)).

Id.

In Count VI, plaintiff alleges that defendants had an agreement "to perform unnecessary work", "inflate their claims of work done", and to "preclude the swift and efficient

18

administration" of the case for personal gain (Doc. #39 at ¶ 230), and "to act in their own self-interest and breach their fiduciary duty to Benoit" (Id. at ¶ 231). Defendants agreed to convince plaintiff to continue pursuing her case when they knew or should have known that the case had no chance of success because Silverio failed to properly plead it. Plaintiff identifies the statements made that plaintiff relied upon to her detriment. (Id. at ¶ 234.) The Court finds a cause of action is stated.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #43) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 12th day of April 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record