```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

REINIE ANN BENOIT,

      Plaintiff,

v.                                    Case No:  2:23-cv-1070-JES-NPM

MARK SILVERIO, SILVERIO & HALL, P.A., CYNTHIA HALL, and KELLY CARRIER-GONCZ,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendants Mark Silverio, Silverio & Hall, P.A. and Cynthia Hall's Motion to Strike Plaintiff's Jury Trial Demand (Doc. #46) filed on March 11, 2024. Plaintiff filed a Response in Opposition to Defendants' Motion to Strike Jury Trial Demand (Doc. #48) on March 22, 2024.  For the reasons set forth below, the motion is granted.  The Motion for Leave to File a Reply (Doc. #50) is denied as moot.

**I.**

The operative pleading in this case is the eight-count Third Amended Complaint. (Doc. #39.)  The introductory two paragraphs of the Third Amended Complaint provide an overview of the case from Plaintiff's perspective:

> This case has been brought because Mark Silverio, Cynthia Hall, and Silverio & Hall undertook to represent Plaintiff in a divorce

> action involving a prenuptial agreement and a marital estate worth over eighteen million dollars, but failed to exercise the degree of skill and knowledge required. Silverio & Hall was unfamiliar with the applicable rules of practice and the well-settled principles of law governing the litigation prenuptial agreements. Silverio & Hall also violated several ethical principles in an attempt to convince Plaintiff, their client, to continue the pursuit of her case, when they knew or should have known that she had no chance of success because of the manner in which they pled the case. As a result of Mark Silverio, Cynthia Hall, and Silverio & Hall's actions, Plaintiff was unable to recover a significant portion of a marital estate, and instead was awarded less than what she would have received had she simply not been represented at all.
>
> Mark Silverio, Cynthia Hall, and Silverio & Hall also colluded with Defendant Kelly Carrier Goncz ("Goncz") to steer Plaintiff away from her prior attorney and into a situation where Silverio & Hall and Goncz overbilled and underserved Plaintiff. Defendants excessively billed Plaintiff over four hundred thousand dollars in attorney's and expert's fees for work that had no possibility of bringing about a positive outcome for Plaintiff.

(Id. at pp. 1-2.) Count I alleges a claim of legal malpractice against defendant Mark Silverio; Count II alleges a claim of legal malpractice against defendant Cynthis Hall; Count III alleges a claim of legal malpractice against the firm of Silverio & Hall, P.A.; Count IV alleges a claim of breach of a written contract against the firm of Silverio & Hall, P.A.; Count V alleges a breach of contract claim against Kelly Carrier-Goncz based on a written

contract with Plaintiff to provide forensic accounting services in the divorce case; Count VI alleges a civil conspiracy by all four defendants; Count VII alleges a claim of fraud in the inducement against Silverio and Goncz; and Count VIII alleges a second claim of fraud in the inducement against Silverio and Goncz.  Plaintiff requested a jury trial as to the claims made in the Third Amended Complaint.  (Id. at ¶ 278.)[1]

## II.

It is well settled "that the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions."  Simler v. Conner, 372 U.S. 221, 222 (1963).  See also Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1577 (11th Cir. 1990) (citing Simler).  "A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary."  Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 F. App'x 820, 823 (11th Cir. 2006) (citing Brookhart v. Janis, 384 U.S. 1, 4-5 (1966)).  "The question of whether the right has been waived is likewise governed by federal law."  Allyn v. W. United Life Assur. Co., 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004).  In reviewing an alleged waiver

---

[1] On April 1, 2024, a Joint Notice of Resolution Between Plaintiff Reinie Ann Benoit and Defendant Kelly Carrier-Goncz (Doc. #49) was filed.  Therefore, the jury demand by Goncz is not at issue.

contained in a written document, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." Bakrac, Inc. 164 F. App'x at 824. "No single factor is determinative; instead, enforceability is based on a totality of circumstances and hinges on whether the Court deems the waiver unconscionable, contrary to public policy, or simply unfair." Aponte v. Brown & Brown of Fla., Inc., No. 6:18-CV-161-ORL-22GJK, 2019 WL 12536008, at *5 (M.D. Fla. Feb. 21, 2019) (citation omitted), aff'd, 806 F. App'x 824, 827 (11th Cir. 2020) (finding a jury-trial waiver was knowing and voluntary where the waiver provision in the employment agreement was written in bold and all-capital letters, was set apart in a paragraph labeled 'WAIVER OF JURY TRIAL,' consisted of straightforward language, and there was no dispute plaintiff signed the agreement and plaintiff raised no contract defenses such as fraud, duress, or unconscionability.)

Applying the relevant factors, the Court finds that Plaintiff knowingly and voluntarily waived her right to a jury trial.

**(1) Conspicuousness of Waiver Provision**

Defendants rely on language in the Authority to Represent and Fee Agreement (Doc. #46, Exh. 2) (the Agreement) between Silverio & Hall, P.A. and Plaintiff to strike the jury demand. The

Agreement contains the following language on page two of a three-page document in a separate paragraph which is in bold font and capital letters:

> **THE CLIENT EXPRESSLY WAIVES THE RIGHT TO TRIAL BY JURY REGARDING ANY DISPUTE ARISING FROM THE SUBJECT MATTER OF THIS AGREEMENT.**

(Id. at p. 54.)  Plaintiff initialed all three pages.  "In evaluating the first factor concerning the conspicuousness of the waiver, a provision is conspicuous when it is present in a separate paragraph, printed in a font that is the same size as the rest of the document, located in the last paragraph of a relatively short document, and worded in clear and unambiguous language." Collins v. Countrywide Home Loans, Inc., 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010) (citing Belin v. Litton Loan Servicing, L.P., No. 8:06-CV760-T-24-EAJ, 2006 WL 2061340 (M.D. Fla. July 17, 2006)).  The Court finds the waiver is conspicuous.

### (2) Bargaining Power

"As to the relative bargaining power between the two parties, the question is not whether there was unequal bargaining power but whether there was a gross disparity in bargaining position." Magwood v. RaceTrac Petroleum, Inc., No. 1:20-CV-01439-ELR-JCF, 2021 WL 4820706, at *3 (N.D. Ga. May 10, 2021), report and recommendation adopted, No. 1:20-CV-01439-ELR, 2021 WL 4820707 (N.D. Ga. July 7, 2021) (citation omitted and alterations

accepted). "A 'gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written'—in other words, when 'the party is unable to simply walk away if the terms are unacceptable.'" Kenison v. Schellman & Co., LLC, No. 8:20-CV-1139-MSS-JSS, 2020 WL 10354995, at *4 (M.D. Fla. Nov. 20, 2020) (quoting Bank of Am., N.A. v. Fla. Glass of Tampa Bay, Inc., No. 8:16-CV-02104-27AAS, 2017 WL 11017883, at *6 (M.D. Fla. Aug. 18, 2017)).

Here, Plaintiff was already represented by counsel in the divorce case. Plaintiff represents that she filed suit against her then-husband for divorce and was represented by attorney Cary Cliff. (Doc. #39, ¶¶ 41-42.) Cliff advised Plaintiff she needed a forensic accountant, and Plaintiff hired Goncz. (Id. at ¶ 43.) Goncz encouraged Plaintiff to dismiss Cliff, her lawyer of about eighteen months, and hire Silverio. (Id. at ¶¶ 46, 54.) Silverio also told Plaintiff that Cliff was not qualified to handle her case. (Id. at ¶¶ 241-48.) Plaintiff eventually took this advice and switched attorneys. (Id. at ¶¶ 48-54.) Plaintiff could clearly have simply walked away from the advice to change lawyers. While plaintiff may have been in a lesser bargaining position, there was no gross disparity such that she could not have elected to get another opinion or stay with the attorney she had.

**(3) Plaintiff's Sophistication**

Other than having retained an attorney before, the parties have provided no facts on the background of Plaintiff which would allow the Court to determine Plaintiff's level of sophistication in relevant matters. As in Collins, there is no argument that plaintiff is "particularly sophisticated or unsophisticated, so these facts do not cut in favor of either party." Collins v. Countrywide Home Loans, Inc., 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010). This factor is neutral.

**(4) Negotiation of Waiver Provision**

The Third Amended Complaint sets forth in some detail the process by which Plaintiff came to change attorneys in her divorce case, but there is no discussion of negotiations as to any portion of the representation Agreement. "Simply because a party did not negotiate the language of a jury trial waiver does not mean that the waiver or other terms in the agreement were non-negotiable." Oglesbee v. IndyMac Fin. Servs., Inc., 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009). As in this case, "Plaintiff[] do[es] not explain why [she] could not have negotiated the clause at that time, or why [she] could not have simply walked away from the deal if [she] found the terms of the agreement unreasonable." Collins, 680 F.

Supp. 2d at 1295. There is no evidence that the jury trial waiver was non-negotiable, or that it was even discussed.

### (5) Public Policy

Plaintiff argues that it is against public policy to enforce a waiver of jury trial provision, particularly in a case involving claims of legal malpractice. "With some exceptions, parties can agree to almost anything via contract. 'But unless some law or readily identifiable public policy removes an area from freedom of contract's realm, courts will enforce an agreement between parties.'" Walker v. Life Ins. Co. of N. Am., 59 F.4th 1176, 1195 (11th Cir. 2023) (internal footnote and citation omitted). But if the waiver is knowing and voluntary, plaintiff has not identified any recognized public policy which precludes a jury trial waiver. As a Florida appellate court recently stated,

> Florida courts, however, will enforce the terms of contracts that are knowingly and voluntarily executed because Floridians have a right to secure their own destiny and a right to expect that their lawfully enacted contracts will be enforced. Here, the retainer agreement expressly stated that any controversy or claim arising out of the agreement or the Firm's representation of [the client] was subject to arbitration. Those terms were clear. Public policy is certainly not violated by the trial court's ruling that the contractual arrangement reached between the parties be enforced.

Mavroleon v. Orrego, 351 So. 3d 102, 106 (Fla. 3d DCA 2022)(citations omitted). The Court finds that the plain language

- 8 -

of the jury waiver is valid and enforceable as to Silverio, Hall, and Silverio & Hall, P.A.

### (6) Scope of Waiver Provision

The final issue is whether the waiver provision covers the claims set forth in the Third Amended Complaint.  The term "arising out of" or "arising from" is broad, but it is not all encompassing.  The focus is on "whether the tort or breach in question was an immediate, foreseeable result of the performance of contractual duties."  <u>Telecom Italia, SpA v. Wholesale Telecom Corp.</u>, 248 F.3d 1109, 1116 (11th Cir. 2001).  This requires the existence of some direct relationship between the dispute and the performance of duties specified by the contract. <u>Id.</u>; <u>Doe v. Princess Cruise Lines, Ltd.</u>, 657 F.3d 1204, 1218-19 (11th Cir. 2011).  Here, all counts of the Third Amended Complaint clearly "arise from" either the Authority to Represent and Fee Agreement or the resulting attorney-client relationship.  Therefore, the waiver of jury trial provision applies to all claims against these three defendants.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Strike Plaintiff's Jury Trial Demand (Doc. #48) is **GRANTED** as to Silverio, Hall, and Silverio & Hall, P.A..  The Clerk shall correct the case to reflect

that it is a non-jury case and reset the jury trial to reflect a bench trial.

2. Defendants' Motion for Leave to File a Reply (Doc. #50) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of April 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 10 -